IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAUL BATISTA,**

    **Plaintiff,**

    v.                                            **CASE NO. 24-3211-JWL**

**JEFF ZMUDA, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Raul Batista, who is currently incarcerated at the Larned State Correctional Facility in Larned, Kansas, brings this pro se civil rights case. Plaintiff alleges that the defendants did not take appropriate measures to protect him from an attack by another inmate in March of 2021 at the Lansing Correctional Facility. (Doc. 1, at 4–5.) Plaintiff states that he received wounds to his head and remained in the clinic for ten days. *Id*. at 5.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may

---

[1] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Batista v. Sapien*, No. 15-3039-SAC-DJW (Doc. 3) (dismissing for failure to state a claim) (D. Kan. Dec. 29, 2015); *Batista v. Watson*, No. 13-3152-SAC (Doc. 5) (dismissed for failure to state a claim) (D. Kan. Dec. 11, 2013); *Batista v. Kansas Dep't of Corrections*, No. 13-3063-SAC (Doc. 7) (dismissed for failure to state a claim) (D. Kan. Dec. 11, 2013).

1

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted). Allegations of past injury or harm are not sufficient to satisfy the imminent danger requirement. *Barrett v. Workman*, 486 F. App'x 706, 708 (10th Cir. 2012); *Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 26, 2024,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated November 26, 2024, in Kansas City, Kansas.**

>    **S/  John W. Lungstrum**
>    **JOHN W. LUNGSTRUM**
>    **UNITED STATES DISTRICT JUDGE**