IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAUL BATISTA,**

    **Plaintiff,**

    v.                                                  **CASE NO. 24-3211-JWL**

**JEFF ZMUDA, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Raul Batista, who is currently incarcerated at the Larned State Correctional Facility in Larned, Kansas, brings this pro se civil rights case. On November 26, 2024, the Court entered a Memorandum and Order (Doc. 3) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court granted Plaintiff until December 26, 2024, to submit the $405.00 filing fee. Plaintiff did not submit the fee by the deadline, and the Court dismissed this case on December 30, 2024. (Docs. 5, 6.)

On January 21, 2025, Plaintiff filed a response (Doc. 7) indicating that he sent in $300.00 to the Court. He states that he only had $300.00, that he sent it on December 10, and that the Court "accepted it." (Doc. 7, at 1.) Plaintiff claims that he is going to investigate where the $300.00 went, because "it disappeared." *Id*. On January 21, 2025, the Court entered an Order (Doc. 8 ) advising Plaintiff that the Court had not received Plaintiff's $300 check. After the order was entered, the Court discovered that the check was received and applied to Plaintiff's outstanding fee in Case No. 13-3152. The Court would not have accepted the $300.00 check for Case No. 24-3211 because Plaintiff was not granted leave to proceed in forma pauperis and he was ordered to pay

1

the full $405.00 filing fee. Because Plaintiff did owe filing fees to the Court, the $300.00 was applied to Case No. 13-3152.

Plaintiff has filed two responses (Docs. 10, 11) taking issue with the application of his funds to his outstanding fee obligation in Case No. 13-3152. Plaintiff asks the Court to refund his fee payment, arguing that "at no time I owed any money to your court, and if I did I should have been informed and given the chance to decide where I wanted that money to be applied." (Doc. 10, at 2.) Plaintiff then indicates that he will conduct an investigation to see if the Court followed the proper procedures. *Id*. at 3. Plaintiff states that he does not understand why he was not notified if he owed money on a prior case, and if he had known, he would have paid it off with the stimulus check he received in 2022. *Id*.

Plaintiff filed Doc. 11, indicating that he has now completed his investigation. Plaintiff alleges that the Court accepted his $300 payment and "put it on a case that has nothing to do with mine." (Doc. 11, at 2, 9) Plaintiff then sets forth how the grievance process works at KDOC facilities. *Id*. at 9.

Plaintiff's payment was applied to the outstanding fees for Case No. 13-3152. Although Plaintiff refers to the case as having nothing to do with his current case, he did file the 2013 case. *See Batista v. Watson*, Case No. 13-3152-SAC (D. Kan. Filed Sept. 12, 2013). On November 5, 2013, the Court entered an Order (Doc. 3) granting Plaintiff's motion for leave to proceed in forma pauperis in that case, "with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2)." *Id*. at Doc. 3, at 5. The Court found in the order that Plaintiff did not have the funds to pay an initial partial filing fee. *Id*. at 2. The Court stated that:

> Plaintiff must pay the full $350.00 filing fee in this civil action. *See* 28 U.S.C. § 1915(b)(1) (prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to

> pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).
>
> * * * *
>
> Plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Id*. at 1–2.  Therefore, Plaintiff remained obligated to pay the remainder of the fee in Case No. 13-3152 until the $350.00 filing fee was paid in full.

The Supreme Court has held that:

> Until 1996, indigent prisoners, like other indigent persons, could file a civil action without paying any filing fee. See 28 U.S.C. § 1915(a)(1). In the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321–66, Congress placed several limitations on prisoner litigation in federal courts. Among those limitations, Congress required prisoners qualified to proceed *in forma pauperis* nevertheless to pay an initial partial filing fee. That fee is statutorily set as "20 percent of the greater of" the average monthly deposits in the prisoner's account or the average monthly balance of the account over the preceding six months. § 1915(b)(1). Thereafter, to complete payment of the filing fee, prisoners must pay, in monthly installments, "20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). The initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4), and no monthly installments are required unless the prisoner has more than $10 in his account, § 1915(b)(2).
>
> * * * *
>
> To further contain prisoner litigation, the PLRA introduced a three-strikes provision: Prisoners whose suits or appeals are dismissed three or more times as frivolous, malicious, or failing to state a claim on which relief may be granted are barred from proceeding IFP "unless the prisoner is under imminent danger of serious physical injury." § 1915(g). In other words, for most three strikers, all future filing fees become payable in full upfront.

3

*Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016).  The Supreme Court held that "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees." *Id*. at 87.  Section 1915(b)(2) "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." *Id*. at 90 (finding that "[t]he per-case approach more vigorously serves the statutory objective of containing prisoner litigation").

Therefore, Plaintiff remained obligated to pay the remainder of the filing fee for his 2013 case despite filing a new case.  The attached document from the Court's finance department shows that Plaintiff's $300.00 payment was applied to his outstanding fee in Case No. 13-3152 on December 30, 2024.  An additional payment in the amount of $6.02 was made on February 3, 2025, which rendered the fees for that case paid in full.

It is the practice in this Court to apply payments to debts of equal priority on a first-in-first-out ("FIFO") basis.  This would not apply to a payment for an initial partial filing fee, which would have a higher priority.  Where debts have an equal priority, a payment received would be applied toward the fees for the oldest case first.  *See O'Bryan v. United States of American*, Case No. 99-3141-JTM, Doc. 7, at 1–2 (D. Kan. March 4, 2013) ("The administrative office procedure dictates that cases are to be paid on a 'first in, first out' basis, meaning the first chronological case should be paid off before later cases."); *see also Richey v. Fleenor*, 2014 WL 5111588, at *3 (W.D. Wash. 2014) (noting that "it is the practice of the Court Clerk to apply monthly payments received from prisoners to their oldest cases first").

In this case, the $300.00 payment received by the Court could not have been applied to this current case because Plaintiff, as a three strikes litigant, was required to pay the entire $405.00 filing fee upfront.  The Court does not accept partial payments where leave to proceed in forma

4

pauperis has not been granted. Therefore, his payment was allocated to his outstanding fee in Case No. 13-3152.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court will not be taking any action on Plaintiff's responses at Docs. 10 and 11, and this case remains closed.

**IT IS SO ORDERED**.

**Dated July 31, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**